# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:20-cv-00027-MR

| | |
|---|---|
| MICHAEL ODELL FAIR, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| LINCOLN COUNTY, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Also before the Court is Plaintiff's "Ex Parte Injunction for Defendants Be Required to Maintain Sanitation and Hygiene Medical Services and Living Conditions; Conditions of Confinement Due to Covid-19, Pan Global Plague Issue Rule 65 Fed. R. Civ. P," [Doc. 8], which the Court construes as a motion for preliminary injunction. Plaintiff is proceeding in forma pauperis. [Docs. 4, 11].

## I.    BACKGROUND

Pro se Plaintiff Michael Odell Fair ("Plaintiff") is a North Carolina state inmate currently incarcerated at Warren Correctional Institution in Norlina, North Carolina. He filed this action on February 20, 2020, pursuant to 42

U.S.C. § 1983. [Doc. 1]. Plaintiff names Lincoln County, the "Lincoln County Sheriff Department,"[1] and FNU Neal, identified as a correctional officer at the Sheriff's Department, as Defendants in this matter. [Id. at 2-3]. Plaintiff alleges violations of his rights under the First and Fourteenth Amendments to the U.S. Constitution. [Id. at 3]. Specifically, Plaintiff alleges that he is suing for the following violations:

> 14th amendment to the U.S. Constitution for the deprivations, restraint at liberty and physical abuse while a pre-trial detainee, By utilizing Collegiality a lack of professional ethics after I filed a legal action a violation to my 1st Amendment right to court access and redress, intentional infliction of emotional distress.

[Id. (grammatical errors uncorrected)]. Plaintiff alleges that these purported violations occurred on December 26, 2018, at the Lincoln County Jail "[d]ue to a lack of professional ethics and intollerance [*sic*] to Plaintiff's mental illness, during shift change unknown officers unidentifiable by defendants design did come with several males to abuse and commit assault and battery, with deliberate intent utilizing collegiality to remain off camera to chill my legal civil action against their Colleagues." [Id. at 5 (grammatical errors uncorrected)]. Plaintiff also claims that each defendant acted under color of

---

[1] The correct name of this entity is the Lincoln County Sheriff's Office ("Sheriff's Office").

state law where:

> Under the supervision while detained at the detention center, sheriff dept. was in active control of the facility and the City of Lincolnton allows for this under its rules and statues ordinances. Utilizing their official capacity to handcuff and escort me into a place off camera, where I was beaten by approximately five officers.

[Id. at 4]. For injuries, Plaintiff claims he suffered physical injuries. [Id. at 5].

For relief, Plaintiff seeks monetary damages and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

3

Case 5:20-cv-00027-MR   Document 12   Filed 04/29/20   Page 3 of 8

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

As to Defendant Lincoln County Sheriff's Office, under North Carolina law, a sheriff's office is not a legal entity capable of being sued under 42 U.S.C. § 1983. Parker v. Bladen County, 583 F.Supp.2d 736, 740 (E.D.N.C. June 27, 2008); see also Moore v. City of Asheville, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity). As such, the Lincoln County Sheriff's Office will be dismissed as a Defendant in this matter. To the extent Plaintiff intended to name individual employees of the Sheriff's Office in relation to the alleged beating he suffered, other than Defendant Neal, the Court will allow Plaintiff an opportunity to file an amended complaint

4

as to this claim.

Next, as to Defendant Lincoln County, "[a] county may only be held liable for acts for which the county has final policymaking authority." Little v. Smith, 114 F. Supp.2d 437, 446 (W.D.N.C. 2000); cf. McMillian v. Monroe County, 520 U.S. 781, 784, 117 S. Ct. 1734 (1997) ("[A] local government is liable under § 1983 for its policies that cause constitutional torts."). Under North Carolina law, "the sheriff, not the county encompassing his jurisdiction, has final policymaking authority over hiring, supervising, and discharging personnel in the sheriff's office." Parker, 583 F.Supp.2d at 739. Plaintiff's allegation that "the City of Lincolnton allows for this under its rules and statutes ordinances," is too vague and conclusory to state any claim against the County. Further, it seems a claim based on conduct by employees of the Sheriff's Office could not create liability by the County, in any event. The Court, however, will also allow Plaintiff an opportunity to amend his Complaint to state a claim against Lincoln County, if he so chooses.

Finally, the Court turns to Plaintiff's claims against Defendant FNU Neal, identified as a correctional officer at the Sheriff's Office. Plaintiff claims his rights under the First and Fourteenth Amendments were violated. [Doc. 1 at 3]. Plaintiff, however, fails to allege how Defendant Neal personally participated in the alleged violations of Plaintiff's rights. The Court, again,

5

will allow Plaintiff to amend his Complaint to state a claim against Defendant Neal. In his amended complaint, Plaintiff must allege how Defendant Neal personally participated in the alleged violations of constitutional rights. Furthermore, Plaintiff references "unknown officers" and "several males" who allegedly participated in the use of excessive force. [Doc. 1 at 5]. If Plaintiff intends to name these unidentified individuals as Defendants in this matter, he must name them as John Doe defendants until they can be identified through discovery or otherwise.

In sum, Plaintiff has failed to state a claim against any Defendant in this matter. The Court will dismiss Defendant Lincoln County Sheriff's Office with prejudice and allow Plaintiff to amend his Complaint in accordance with the terms of this Order.

## IV. PRELIMINARY INJUNCTION

In addition to the instant matter, Plaintiff has two other actions pending in this Court brought pursuant to § 1983, Civil Case Nos. 5:18-cv-186 and 5:18-cv-196. Plaintiff filed in all three cases the pending motion for injunctive relief, which requests "a fair just constitutional response under Pan Global Plague COVID-19." [Doc. 8]. As to the Defendants in this matter, Plaintiff states that although "[P]laintiff is no longer detained at the facility of defendant, its [*sic*] the duty of the court to protect the lives of those that could

be placed in danger form COVID-19." [Id. at 2]. Plaintiff also argues that, "[t]he County of Lincoln is taking responsibility when they detain and house those being charged and convicted, and they have the responsibility to protect those on county and state property under the current Pan Global plague." [Id. at 3].

The Court declines to address the merits of Plaintiff's motion for injunctive relief. In addition to the numerous deficiencies inherent in Plaintiff's motion, Plaintiff is no longer detained at the Lincoln County Jail and, therefore, has no right to the injunctive relief he seeks. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has failed to state a claim against any of the named Defendants. The Court will allow Plaintiff an opportunity to amend his Complaint. Plaintiff's motion for preliminary injunction will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that Defendant Lincoln County Sheriff's Office shall be dismissed with prejudice as a Defendant in this matter. 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that Plaintiff may amend his Complaint within thirty (30) days of this Order in accordance with the terms of this Order. If Plaintiff fails to timely and properly amend his Complaint, this action may be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction [Doc. 8] is **DENIED.**

**IT IS SO ORDERED.**

Signed: April 29, 2020

Martin Reidinger
United States District Judge