# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:20-cv-00027-MR

| | |
|---|---|
| MICHAEL ODELL FAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LINCOLN COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 13], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 4, 11].

## I.  BACKGROUND

Pro se Plaintiff Michael Odell Fair ("Plaintiff") is a North Carolina state inmate currently incarcerated at Warren Correctional Institution in Norlina, North Carolina. He filed this action on February 20, 2020, pursuant to 42 U.S.C. § 1983. [Doc. 1]. The Court conducted its initial review of Plaintiff's Complaint on April 29, 2020, dismissing with prejudice Defendant Lincoln County Sheriff's Office. [Doc. 12]. The Court found that Plaintiff failed to state a claim against the remaining Defendants, Lincoln County, North

Carolina, and FNU Neal, and allowed Plaintiff thirty (30) days to amend his Complaint. [Id.]. In his timely-filed Amended Complaint, Plaintiff names FNU Neal and an unspecified number of "John Doe Defendants" as Defendants in this matter.[1] Plaintiff alleges that all Defendants are or were employed by the "Lincoln County Sheriff Department" and work(ed) at the Lincoln County Detention Center. [Id. at 4].

Plaintiff alleges that, on December 26, 2018 at approximately 5:00 p.m., while Plaintiff was a pre-trial detainee at the Lincoln County Detention Center, Defendants, with intolerance to Plaintiff's mental illness, "did come to abuse and commit assault and battery, with deliberate intent utilizing collegiality to remain off camera to chill [Plaintiff's] legal civil action against their Colleagues." [Id. at 5]. Plaintiff specifically alleges the following in support of his claims:

> I, Michael Odell Fair do claim that many violates of my right(s) occured as in violations of 1st, 5th, 8th, 14th amendment of the U.S. Constitution in which I experienced the deprivations, restraint at liberty and actual physical abuse while being a pre-trial detainee. I was attack while being handcuffed behind my back. I experience excessive force or deadly force, retaliation, discrimination, cruel and unusual punishment, harassment by Officer Neal and John Doe Officers accompanying leaving me as an injured yet defenceless pre-trial detainee. I also experienced intentional infliction of emotional

---

[1] Plaintiff does not name Lincoln County as a Defendant in his Amended Complaint.

> distress due consideration by utilizing collegiality a lack of professional ethics after filing a legal claim/action in which but for violation to my right to court access and redress… Officer Neal and John Doe Officers violated my federal constitutional or statutory right(s) by doing and committing physical excessive force to me (pre-trial detainee) while exercising such cruel and unusual punishment, retaliation, harassment, and discrimination…

[Doc. 13 at 3 (spelling and grammatical errors uncorrected)].

For injuries, Plaintiff claims he suffered physical injuries and emotional distress. [Id. at 3, 5].

For relief, Plaintiff seeks monetary damages and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Plaintiff claims that his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated. Other than bare references to "retaliation" and "violation to [Plaintiff's] right to court access and redress," Plaintiff alleges nothing in support of a claim under § 1983 based on Defendants' violation of Plaintiff's First Amendment rights. Plaintiff also fails to allege any facts in support of a claim under the Fifth Amendment. The Court, therefore, will dismiss Plaintiff's claims under the First and Fifth Amendments.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). Because Plaintiff was a pretrial detainee, however, his excessive force claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment). Under the Fourteenth Amendment, a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable in order to demonstrate that it was excessive in violation of the Fourteenth Amendment's Due Process Clause. Id. at 2473.

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, he has stated a claim against Defendants FNU Neal and the Doe Defendants based on the use of excessive force.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint against Defendant Neal and the Doe Defendants based on the use of excessive force survives initial review. Plaintiff's claims based on

5

Case 5:20-cv-00027-MR   Document 14   Filed 06/22/20   Page 5 of 6

violation of the First and Fifth Amendments will be dismissed. 28 U.S.C. §§ 1915(e) and 1915A.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint survives initial review as to his claims based on the use of excessive force.

**IT IS FURTHER ORDERED** that Plaintiff's claims based on violation of the First and Fifth Amendments are **DISMISSED**.

The Clerk of Court is instructed to mail four (4) blank summonses to Plaintiff to fill out and identify Defendant FNU Neal and the Doe Defendants, when their identities are known, for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on all Defendants. As the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants.

**IT IS SO ORDERED**.

Signed: June 22, 2020

Martin Reidinger
Chief United States District Judge