UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00027-MR

| | |
|---|---|
| MICHAEL ODELL FAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU NEAL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Notice in Re Michael Odell Fair Affidavit of Notice of Motion of a Prayer for Order" ("First Notice") [Doc. 17] and "Notice of Declaration of Plaintiff … Michael Odell Fair for Constructive Summons Identifying John Doe Defendants and FNU Neal" ("Second Notice") [Doc. 18].

On June 22, 2020, Plaintiff's Amended Complaint, filed pursuant to 42 U.S.C. § 1983, survived initial review as to Plaintiff's claim based on the use of excessive force against Defendant Neal and an unspecified number of Doe Defendants. [Doc. 14]. The Court, therefore, ordered Plaintiff to provide information for service of process on Defendant Neal and the Doe Defendants "when their identities are known," so that the U.S. Marshal may effectuate service. [Id. at 6]. Thereafter, Plaintiff moved the Court to order

the "Lincoln County Sheriff Department to provide Plaintiff with [a] photo array of first (1st) and second (2nd) shift staff that was on duty at Lincoln County Jail on the 26th day of December 2018 with full names accompanying individual photo[s] [so] that Plaintiff may accurately identify all [whom were] involved in the incident." [Doc. 15 at 1]. The Court struck that motion for the reasons stated in the Court's Order. [Doc. 16]. The Court advised Plaintiff, in part, that because the Lincoln County Sheriff's Office is not a party to this action, Plaintiff may need to subpoena the materials he seeks using Rule 45 of the Federal Rules of Civil Procedure. [Id. at 2-3]. The Court further advised Plaintiff that "engaging the Court at this stage of the proceedings, without having properly attempted to obtain these materials, is inappropriate and, frankly, wasteful of judicial resources." [Id. at 3].

In the First Notice, Plaintiff contends that "Sheriff Bill Beam and Lt. V. Reid (Jail Administrator) [have] denied Plaintiff photos and names of the staff that were on duty 1st and 2nd shift on the 26th day of December 2018." [Doc. 17 at 1]. Plaintiff requests that the Court "order that Plaintiff be provided with photos and names of all staff that was on duty the 26th day of December 2018." [Id. at 2]. The Court will construe the First Notice as a motion to require compliance with a subpoena under Rule 45. Plaintiff has not presented the Court with any evidence that he has properly attempted to

2

subpoena records from the Lincoln County Sheriff's Office, other than his bare assertion that Sheriff Beam and Lieutenant Reid "denied Plaintiff photos and names of the staff…" [Id. at 1]. Plaintiff must submit evidence demonstrating his efforts to subpoena the records, including a copy of the subpoena itself and the response by the Sheriff's Office thereto, if any. The Court will, therefore, deny Plaintiff's motion without prejudice.

In his Second Notice, Plaintiff purports to effect "constructive summons" on Defendants FNU Neal and Doe Defendants in this matter by describing their physical appearances. [Doc. 18]. Service cannot be accomplished in this manner, constructively or otherwise. The Court will, therefore, construe Plaintiff's Second Notice as a motion for additional time for service under Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff's action survived initial review on June 22, 2020. [Doc. 14]. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As such, Plaintiff currently has until September 21, 2020, to serve the Defendants. The Court will allow Plaintiff an additional

3

sixty (60) days to effect service on the Defendants so that he may identify the Defendants in accordance with this Order.

Plaintiff is strongly cautioned that documents requesting relief from the Court must be filed as motions, not as "Notices." [Doc. 7 at 2 ("Only Motions will be ruled on by the Court.")]. Plaintiff is directed to the Order of Instructions mailed to him on March 10, 2020 for information regarding how to prosecute his case. [See id., generally]. <u>Future "Notices" filed by Plaintiff may not be considered and may be stricken form the record in this matter</u>. [See id. at 3].

<u>Plaintiff is also advised that any further improper and/or premature requests for the Court to order the Lincoln County Sheriff's Office to produce records will be summarily denied.</u>

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 17] is **DENED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 18] is **GRANTED** in accordance with the terms of this Order and Plaintiff has until November 21, 2020 to serve the Defendants in this matter.

4

**IT IS SO ORDERED.** Signed: September 2, 2020

Martin Reidinger
Chief United States District Judge