## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:20-cv-00027-MR

| | |
|---|---|
| MICHAEL ODELL FAIR,      ) | |
|         ) | |
|      **Plaintiff,**     ) | |
|         ) | |
| **vs.**        ) | **ORDER** |
|         ) | |
| FNU NEAL, et al.,     ) | |
|         ) | |
|      **Defendants.**     ) | |
| _____ ) | |

**THIS MATTER** is before the Court sua sponte on Plaintiff's filing of his

"In Re Michael Odell Fair Prosecuteless Condition Accompanying Helpless

Condition Due to DPS Collegiality Confiscation Due Consideration

Declaration" [Doc. 25] and on Plaintiff's "Motion to Enclose One of

Defendants First and Last Name (Follow Up Information) in Nature of Truth

Affidavit/Declaration" [Doc. 26].

## I.     BACKGROUND

Pro se Plaintiff Michael Odell Fair ("Plaintiff") is a North Carolina state

inmate currently incarcerated at Central Prison in Raleigh, North Carolina.

Plaintiff filed this action on February 20, 2020, pursuant to 42 U.S.C. § 1983.

[See Doc. 1]. On June 22, 2020, Plaintiff's Amended Complaint survived

initial review as to Plaintiff's claims against Defendant FNU Neal and the Doe

Defendants.  [Docs. 13, 14].  The Clerk mailed Plaintiff four (4) blank

summonses to fill out and identify Defendant Neal and the Doe Defendants,

when their identities are known, for service of process.  [Doc. 14 at 6].  The

Court ordered that Plaintiff was "required to provide the necessary

information for the U.S. Marshal to effectuate service on all Defendants."

[Id.].  The deadline for return of the summonses was July 6, 2020.  [6/22/2020

Docket Entry].  Plaintiff has not returned any completed summonses to the

Clerk.

Generally, a plaintiff is responsible for effectuating service on each

named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and

failure to do so renders the action subject to dismissal.  Under Rule 4(m):

> If a defendant is not served within 90 days after the
> complaint is filed, the court---on motion or on its own
> motion after notice to the plaintiff---must dismiss the
> action without prejudice against the defendant or
> order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure,
> the court must extend the time for service for an
> appropriate period.

Fed. R. Civ. P. 4(m).  The service period in Rule 4(m) is tolled while the

district court considers an *in forma pauperis* complaint.  Robinson v. Clipse,

602 F.3d 605, 608 (4th Cir. 2010).  Initial review of Plaintiff's Amended

Complaint in this case occurred on June 22, 2020.  [Doc. 14].  Plaintiff,

therefore, had until September 21, 2020 to serve Defendants.  On February

2

2, 2021, the Court advised Plaintiff pursuant to Rule 4(m) that he must show good cause for his failure to timely serve Defendants Neal and the Doe Defendants. [Doc. 24]. The Court notified Plaintiff that it would dismiss this action without prejudice unless, within 14 days of that Order, Plaintiff showed good cause for his failure to serve them. [Id.].

Plaintiff timely filed a response to the Court's show cause Order. [Doc. 25]. In his response, which was dated February 11, 2021, Plaintiff states that he had been without his property, including his legal "communication" and "information" property, since January 18, 2021. Plaintiff states that at that time he was transferred from Warren Correctional to Central Prison's Mental Health Hospital. [Id.]. Plaintiff states that he "has no way to prepare nor effectively nor adequately respond to any of the orders of the honorable court due consideration plaintiffs current circumstances." [Id. at 2 (errors uncorrected)]. Plaintiff, however, does not assert that he has undertaken any efforts to further obtaining service on Defendants and states no intention to do so. Furthermore, Plaintiff provides no explanation why he failed to take measures to effect service on Defendants either before or after the deadline. Finally, Plaintiff fails to request additional time to serve Defendants.

Since then, Plaintiff filed a document in which he advised the Court that Defendant FNU Neal's first name is Kevin. [Doc. 26]. Although Plaintiff

captioned this document a motion, he requests no relief therein.  [See id.].

The Court will deny this motion as moot.

## II.    DISCUSSION

"'Good cause' as used in Rule 4(m) refers to a legally sufficient ground

or reason based on *all* relevant circumstances."  Robinson v. GDC, Inc., 193

F.Supp.3d 577, 580 (4th Cir. 2016) (citing McDermott Int'l, Inc. v. Wilander,

498 U.S. 337, 342 (1991)).

> Courts within the Fourth Circuit found good cause to extend the [90]-day period when the plaintiff has made reasonable, diligent efforts to effect service on the defendant.  This leniency especially holds true when factors beyond the plaintiff's control frustrate his or her diligent efforts.  Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant or stayed proceedings that delay the issuance of a summons.
>
> At a minimum, inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service generally are insufficient to show good cause.  While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, neither *pro se* status nor incarceration constitute good cause.

McCoy v. Abbasi, No. 3:10CV875, 2012 WL 4933301, at *1 (E.D. Va. Oct.

16, 2012) (internal citations and quotation marks omitted).

4

Here, Plaintiff has failed to state good cause for his failure to serve Defendants. Plaintiff has made no effort to serve Defendants and has not sought an extension of time to complete service. Plaintiff also fails to suggest that he intends to attempt service on these Defendants. The Court, therefore, declines to exercise its discretion to enlarge the service period. See Robinson v. GDC, 193 F.Supp.3d at 581.

## III. CONCLUSION

Because Plaintiff has failed to show good cause for his failure to timely serve Defendants, the Court will dismiss these Defendants and this action without prejudice pursuant to Rule 4(m).

## ORDER

**IT IS, THEREFORE, ORDERED** that all Defendants are hereby **DISMISSED without prejudice** as Defendants in this matter and this action is hereby **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 26] is **DENIED** as moot.

The Clerk is respectfully instructed to terminate this action.

Signed: March 13, 2021

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge

5